UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS, aka Juice Lee Booking No. 45526-298,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO; ALESSANDRA SERANO VINCENT BALES,<br><br>          Defendants. | Case No.: 3:20-cv-0792-GPC-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. §§ 1915A(b)** |

  Melvin Warren Rivers, aka "Juice Lee," ("Plaintiff"), proceeding pro se, is currently incarcerated at the Federal Correctional Institution ("FCI") located in Mendota, California, and has filed this civil action. *See* Compl., ECF No. 1. Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983. (*Id.*) Because Plaintiff also seeks relief against federal actors, the Court liberally construes those claims as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

*Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

**I.   IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce,* 136 S. Ct. at 629; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff has submitted a Prison Certificate signed by an FCI Accounting Officer attesting as to his monthly balances and deposits. *See* ECF No. 3 at 4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff had $332.17 in monthly deposits to his account, maintained an average balance of $47.79 in his account over the six month period preceding the filing of his current Complaint, but had an available balance of only $0.01 to his credit at FCI as of May 8, 2020. *See id.*; 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff's Motion to Proceed IFP (ECF No. 3), declines to exact any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Warden for FCI to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.     <u>Standard of Review</u>

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP

and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing," and ideally before the service of process upon any Defendant. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915[] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

1 § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

2 While the court "ha[s] an obligation where the petitioner is pro se, particularly in
3 civil rights cases, to construe the pleadings liberally and to afford the petitioner the
4 benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing
5 *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential
6 elements of claims that were not initially pled." *Ivey v. Board of Regents of the University
7 of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

8 "Courts must consider the complaint in its entirety," including "documents
9 incorporated into the complaint by reference" to be part of the pleading when
10 determining whether the plaintiff has stated a claim upon which relief may be granted.
11 *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P.
12 10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes.");
13 *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

14     B.    <u>Plaintiff's Allegations</u>

15 Plaintiff alleges that he is a "known hip hop artist." (Compl. at 1.) Plaintiff
16 alleges, Defendant Assistant United States Attorney Alessandra Serano "acted outside the
17 scope of her duty" when she filed a motion in Plaintiff's criminal proceedings claiming
18 Plaintiff knew the victim in his criminal proceeding was a minor. (*Id.*) He further alleges
19 the "prosecution used loopholes to suppress evidence" of the victim's "perjury by
20 obtaining protective orders for information she didn't want to disclose publicly." (*Id.*)

21 Plaintiff claims Defendant Vincent Bales, a San Diego Police Department
22 Detective, "published libel statements [and] omitted fact statements causing perjurious
23 testimony." (*Id.* at 2.) Plaintiff claims that Bales alleged perjury "caused libel statements
24 to be published via PACER, Lexus Nexus, [and] other public documented platforms."
25 (*Id.*)

26 Plaintiff alleges that Serano and Bales' perjurious statements "caused [Plaintiff's]
27 motions to be denied causing [Plaintiff] emotional distress." (*Id.*) Plaintiff claims he will
28 "litigate in future motions" that Serano "knew she was committing perjury or was in

reckless disregard of the truth." (*Id.*)  In addition, Plaintiff alleges Bales "was investigated by internal affairs in the summer of 2019 for falsifying federal records in [Plaintiff's] criminal case."  (*Id.*)

Plaintiff seeks to have the "alleg[ed] statements from the alleg[ed] victim" in his criminal case, *see USA v. Rivers*, S.D. Cal. Crim. Case No. 3:13-cr-03954-BEN, stricken "from all public publish[ed] documentation since they are fabricated by defendants."  (*Id.*)  Plaintiff also seeks $15,000,000 in punitive damages against the named Defendants and "all other relief that is just and proper."  (*Id.*)

C. Criminal Proceedings – *Heck's* "Favorable Termination" Requirement

There are two methods for prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254 or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82), *cert. denied*, (Jan. 9, 2017) (No. 16-6556).

First, to the extent Plaintiff seeks damages and injunctive relief based on claims that prosecutors and witnesses filed motions in his criminal matter that he claims were perjurious, *see* Compl., ECF No. 1 at 1-2, he may not pursue those claims in a civil rights action, without first showing his conviction has already been invalidated. *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck*'s favorable termination rule to *Bivens* actions).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Plaintiff specifically refers to his criminal matter, *USA v. Rivers*, S.D. Cal. Crim. Case No. 3:13-cr-03954-BEN, and identifies Serano as the prosecutor in that matter and it appears that he seeks to hold Bales liable in his capacity as a witness who testified in this matter. A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial

system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A review of the Court's docket in *USA v. Rivers*, S.D. Cal. Crim. Case No. 3:13-cr-03954-BEN indicates that Plaintiff entered into a plea agreement on July 17, 2014 and was sentenced to a term of 97 months on June 18, 2015. (*Id.*, ECF Nos. 41, 67.) While it appears that Plaintiff has recently filed a number of motions in that matter challenging his conviction, he has not had his criminal conviction reversed, expunged, or otherwise declared invalid. See *Heck*, 512 U.S. at 486-87.

Because Plaintiff seeks damages based on an allegedly unlawful criminal conviction, he may not proceed pursuant to *Bivens*, unless that conviction and/or sentence has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489.

Thus, because Plaintiff does not claim to have already invalidated his sentence by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his current Complaint must be dismissed in its entirety for failing to state a claim upon which *Bivens* relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1).

D. <u>Prosecutorial Immunity</u>

Even if Plaintiff is able to show that the *Heck* bar does not apply, to the extent Plaintiff seeks monetary damages against Defendant Serano, his Complaint must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b) because Serano is entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages for initiating criminal

prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915) (citation omitted).

E. <ins>County of San Diego</ins>

Plaintiff names the County of San Diego as a Defendant but alleges no facts relating to this Defendant in his Complaint.

A municipal entity may be held liable under only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs,* 436 U.S. 658, 691 (1978) ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Therefore, Plaintiff's claims against the County of San Diego are DISMISSED for failing to state a claim upon which relief may be granted.

F. <ins>State law supplemental claims</ins>

Plaintiff also seeks to bring state law claims against all the named Defendants. (*See* Compl. at 1.) "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As previously mentioned, the Court has found Plaintiff's Complaint fails to state a plausible claim for relief. Therefore, in the absence of any viable federal claim upon which relief may be granted, the Court exercises its discretion and DISMISSES all Plaintiff's supplemental state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

For all these reasons, the Court DISMISSES Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### G. Leave to Amend

For the above reasons, the Court finds that Plaintiff's entire Complaint is subject to dismissal in its entirely. Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

/ / /
/ / /
/ / /
/ / /
/ / /

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **DIRECTS** the Warden for FCI Mendota, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, FCI Mendota, P.O. Box. 9, Mendota, California, 93640.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted and for seeking monetary damages against Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: July 29, 2020

Hon. Gonzalo P. Curiel
United States District Judge