UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS,<br>aka Juice Lee<br>Booking No. 45526-298,<br><br>                              Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO;<br>ALESSANDRA SERANO<br>VINCENT BALES; WILLIAM<br>LANSDOWNE,<br><br>                              Defendants. | Case No.: 3:20-cv-0792-GPC-AGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. §§ 1915A(b)** |

**I.     Procedural History**

On April 27, 2020, Melvin Warren Rivers, aka "Juice Lee," ("Plaintiff"), proceeding pro se, currently incarcerated at the Federal Correctional Institution ("FCI") located in Mendota, California, filed this civil action. *See* Compl., ECF No. 1. Plaintiff purported to bring this action pursuant to 42 U.S.C. § 1983. (*Id.*) Because Plaintiff also sought relief against federal actors, the Court liberally construed those claims as arising

under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

The Court GRANTED Plaintiff's Motion to Proceed IFP and sua sponte DISMISSED his Complaint for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C.§ 1915A(b). (ECF No. 4.) On August 14, 2020, Plaintiff filed his First Amended Complaint ("FAC") pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") (ECF No. 5).

**II.     Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.     Standard of Review

As the Court previously informed Plaintiff, notwithstanding his IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing," and ideally before the service of process upon any Defendant. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915[] is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d

903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P.

10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

### B. Plaintiff's Allegations

Plaintiff is a "known hip hop artist who performs under the rap moniker 'Juice Lee'." (FAC at 1.) Plaintiff alleges Defendant Bales, a former San Diego Police Officer, and Defendant Lansdowne, former Chief of San Diego Police Officer, "claimed falsely in numerous public documents that Plaintiff knowingly engaged in legal activity with a minor." (*Id.*) Plaintiff claims Bales and Lansdowne had two "interviews with the minor proving the opposite." (*Id.* at 2.) Plaintiff alleges they "fabricated sworn affidavits" that "contradict[ed] the alleged victim's affidavit." (*Id.*) Plaintiff claims Lansdowne "committed gross negligence in not supervising or training Detective Bales in ethics, anti-systemic racism and anti-police misconduct." (*Id.*)

Plaintiff alleges the San Diego Police Department is the "enterprise" and "shares liability for all their employees/members of the San Diego Police Department." (*Id.*) Plaintiff states he "does not seek damages based on an alleged unlawful criminal conviction but damages to his music career financially." (*Id.*) Plaintiff claims Bales "lied in a sworn affidavit committing perjury, gross negligence [and] fraud in *USA v. Rivers*, S.D. Cal. Crim. Case No. 3:13-cr-03954-BEN." (*Id.*)

Plaintiff seeks $15,000,000 in punitive damages and unspecified "financial loss" due to inability to "fulfill employment contracts or pursue employment opportunities while unjustly incarcerated." (*Id.*)

### C. Statute of Limitations

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the

timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte). Plaintiff's entire action is brought pursuant to RICO. (*See* FAC at 1-2.)

RICO provides for a private cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). To establish liability under RICO, a plaintiff must demonstrate: (1) conduct (2) of an enterprise (3) through a pattern; (4) of racketeering activity (5) causing injury to business and property. *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557-559 (9th Cir. 2010).

The RICO statute does not contain its own statute of limitations. However, the Supreme Court adopted a four-year statute of limitations for civil RICO claims. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). The Ninth Circuit has followed the "injury discovery" rule for determining when the statute of limitations begins to run in civil RICO actions. *See Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996). "Under this rule, 'the civil RICO limitation period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action.'" *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001) (quoting *Grimmett*, 75 F.3d at 510).

Here, Plaintiff alleges that Defendants engaged in "racketeering activity" by authoring "fabricated affidavits" in his 2013 criminal matter. (FAC at 1-2.) A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Thus, the Court takes judicial notice of *USA v.*

*Rivers*, S.D. Cal. Crim. Case No. 3:13-cr-03954-BEN ("*Rivers I*") which is the matter Plaintiff alleges Defendant Bales "lied in a sworn affidavit committing perjury, gross negligence [and] fraud" giving rise to his purported RICO action. (FAC at 2.) In that matter, the affidavit written by Defendant Bales was filed in the Court on September 26, 2013 under seal but later unsealed on September 30, 2013. *See Rivers I,* ECF No. 1.

Thus, the limitation period for Plaintiff's RICO action began to run when Plaintiff discovered the filing of the alleged "fabricated" affidavit on September 30, 2013, nearly seven years ago. Thus, these claims fall far outside the applicable four-year statute of limitations for a RICO action. *See Pincay,* 238 F.3d at 1109.

Accordingly, the Court finds that because it is clear from the face of Plaintiff's FAC, as it is currently alleged, that his claims against all Defendants are barred by the statute of limitations, those claims and Defendants are subject to sua sponte dismissal for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

**III.  Conclusion and Order**

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: September 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge